1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JP MORGAN CHASE BANK,                    No. 2:22-cv-00892-TLN-AC

12                    Plaintiff,

13            v.                              **ORDER**

14   MARY ALICE NELSON-ROGERS,

15                    Defendant.

16

17          This matter is before the Court on Defendant Mary Alice Nelson-Rogers's ("Defendant")

18   Notice of Removal and Motion to Proceed in Forma Pauperis.  (ECF Nos. 1, 2.)  For the reasons

19   set forth below, the Court hereby REMANDS the action to the Superior Court of California,

20   County of Sacramento due to lack of subject matter jurisdiction and DENIES Defendants' Motion

21   to Proceed in Forma Pauperis as moot.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2022, Defendant filed a Notice of Removal removing what appears to be an unlawful detainer action from the Sacramento County Superior Court.  (ECF No. 1.)  Defendant did not attach the state court complaint ("Complaint') to her Notice of Removal.

## II.    STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 392.  Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009), *superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1658, *and* 136 S. Ct. 1666 (2016); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Alternatively, 28 U.S.C. § 1332 governs diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

1    costs, and is between — (1) citizens of different States." *Id.* The burden of proving the amount

2    in controversy depends on the allegations in the plaintiff's complaint. *Lowdermilk v. U.S. Bank*

3    *Nat'l Ass'n*, 479 F.3d 994, 998–1000 (9th Cir. 2007). When the complaint alleges damages less

4    than the jurisdictional requirement, the party seeking removal must prove the amount in

5    controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240

6    (W.D. Wash. 2009).

7         **III.    ANALYSIS**

8         It appears Defendant removed this action on the basis of federal question jurisdiction.

9    (ECF No. 1 at 1–3.) To support her claim of federal question, Defendant argues Plaintiff

10   "violated certain rights provided by the United States Constitution" (she seems to suggest a

11   violation of "the right of due process") and did not comply with the "[A]dministrative

12   [P]rocedure [A]ct." (*Id.* at 1, 3.) Defendant also argues the Court has jurisdiction based on

13   "private matters dealing with a whistleblower claim of securities fraud 22UD00860, filed with

14   unclean hands, under seal" and "there is supplemental jurisdiction regarding the other claims in

15   this action." (*Id.* at 3.)

16        However, without the Complaint, the Court cannot determine whether the action arises

17   under federal law. *See Caterpillar*, 482 U.S. at 386 ("[F]ederal jurisdiction exists only when a

18   federal question is presented on the face of the plaintiff's properly pleaded complaint."). 

19   Defendant attaches to her Notice of Removal a letter notifying her than an unlawful detainer

20   action has been filed against her. (ECF No. 1 at 5.) Generally, unlawful detainer actions are

21   grounded solely in state law. To the extent Defendant is arguing she was denied due process or

22   other constitutional rights, or that Plaintiff violated the Administrative Procedure Act, such an

23   argument likely relates to an affirmative defense or potential counterclaim, which cannot be

24   considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint.

25   *See Vaden*, 556 U.S. at 60–62. In any event, Defendant bears the burden of showing removal is

26   proper. *See Gaus*, 980 F.2d at 566. By failing to attach the Complaint, Defendant has not met

27   her burden.

28   *///*

3

It is further unclear whether Defendant also seeks removal on the basis of diversity jurisdiction.  Regardless, removal based on diversity jurisdiction is improper for the same reason already discussed.  Without the Complaint, the Court cannot determine whether the diversity of citizenship or amount in controversy requirements of 28 U.S.C. § 1332 are satisfied.  *See Lowdermilk*, 479 F.3d at 998–1000.

As there are no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.    CONCLUSION**

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento and DENIES Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) as moot.

IT IS SO ORDERED.

**DATED:  June 1, 2022**

Troy L. Nunley
United States District Judge

4